UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUKISHA T. BANKS,

    Plaintiff,
v.                                                                                                Hon. Sally J. Berens

COMMISSIONER OF                                                                 Case No. 1:19-cv-1040
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Dept. of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### Procedural Posture

Plaintiff filed an application for SSI on May 19, 2017, alleging disability due to bipolar disorder/manic depression, post traumatic stress disorder (PTSD), anxiety, migraines, acid

reflux, muscle spasms, painful menstruation, pinched nerve in her back, back pain, rapid heartbeat, and anemia. (PageID.108–09.) Plaintiff was age 37 at the time she filed her application. (PageID.108.) Plaintiff had a GED and two years of college. (PageID.66, 254.) She had previous employment as a cleaner/janitor. (PageID.283.) After Plaintiff's application was denied (PageID.116), she requested a hearing before an Administrative Law Judge (ALJ). (PageID.126.)

ALJ Christopher Mattia conducted a hearing on April 19, 2019, and received testimony from Plaintiff and Maureen McGatlin, an impartial vocational expert. (PageID.58–88.) On June 21, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled from the date she filed her application through the date of the decision. (PageID.42–53.) The Appeals Council denied Plaintiff's request for review on October 15, 2019. (PageID.28–32.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on December 11, 2019.

## Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff had not engaged in substantial gainful activity since her application date, the ALJ found that Plaintiff suffered from the following severe impairments: (1) migraine headaches; (2) bipolar disorder; (3) major depressive disorder; (4) panic disorder; (5) PTSD; (6) cannabis use disorder; and (7) amphetamine-type substance use disorder. (PageID.44.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.31–32.)

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

The ALJ considered the Listings under 11.00 (neurological) in connection with Plaintiff's migraines. Regarding her mental impairments, the ALJ considered Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders) and 12.15 (trauma- and stressor-related disorders). (PageID.45–47.) As for Listings 12.04, 12.06 and 12.15, the ALJ considered the four broad areas of mental functioning set out in the "paragraph B" criteria, 20 C.F.R. Pt. 404, Subpt. P, App 1. Under paragraph B, Plaintiff was required to prove one extreme limitation or two marked limitations in the following areas:

    1. Understanding, remembering, or applying information;

    2. Interacting with others;

    3. Concentrating, persisting, or maintaining pace;

    4. Adapting or managing oneself.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B), 12.08(B). A claimant is mildly limited if her ability to function in an area "independently, appropriately, effectively, and on a sustained basis is slightly limited." *Id.* § 12.00.F.2. A claimant is moderately limited if such ability is "fair," markedly limited if such ability is "seriously limited" and extremely limited if she has no ability to function in a given area. *Id.* The ALJ found that Plaintiff was moderately limited in all areas. (PageID.46.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform a full range of work at all exertional levels except:

> [T]he claimant is limited to performing work in a moderate noise intensity level environment; understanding, carrying out, and remembering simple instructions; making simple work-related decisions; occasionally interacting with supervisors and co-workers, but never performing team or tandem tasks; never interacting with the public; occasionally dealing with changes in a routine work setting; and performing work that does not require a production line pace where coworker productivity is dependent on the claimant's productivity.

(PageID.47.)

At step four, the ALJ determined that Plaintiff was not disabled during the relevant period because she could perform her past relevant work as a cleaner/janitor. (PageID.51.) Alternatively, at step five, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including hand packager, inspector, and bench assembler. (PageID.52–53.)

## Discussion

Plaintiff raises two issues in her appeal: (1) the ALJ's finding that Plaintiff did not meet any Listing is not supported by substantial evidence; and (2) the ALJ's RFC finding is not supported by substantial evidence.

**I.     Whether Plaintiff Met the Listings**

Although Plaintiff frames her issue with regard to "any Listing," it is limited to Listings 12.04, 12.06 and 12.15. Within this argument, Plaintiff raises two sub-issues.

**A.     Consideration of Treating Physician's Opinion**

Plaintiff argues that the ALJ failed properly to evaluate the opinions of her treating physician assistant, Jennifer Richardson, PA-C. Plaintiff saw Ms. Richardson at Kalamazoo Community Mental Health (KCMH). Plaintiff raises this issue both with regard to the ALJ's determination that she did not meet a Listing and with regard to the ALJ's RFC determination.

On March 22, 2019, Ms. Richardson completed a Mental Residual Functional Capacity Form in which she indicated that Plaintiff would be unable to meet competitive standards in a number of areas, including maintaining regular and on-time attendance; sustaining an ordinary routine without special supervision; completing a normal workday and workweek without interruptions from psychologically-based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; responding appropriately to changes in a routine work setting; and dealing with normal stress. She also indicated that Plaintiff would be seriously

6

limited in other areas. (PageID.611–12.) Ms. Richardson indicated that Plaintiff was moderately limited in the areas of understanding, remembering or applying information and interacting with others and markedly limited in the areas of maintaining concentration, persistence or pace and adapting or managing oneself. (PageID.612.) Ms. Richardson thought that Plaintiff would miss more than four days of work per month. (*Id.*) In addition to completing the form, Ms. Richardson gave a sworn statement on the same day, in which she testified that Plaintiff met Listings 12.04, 12.06 and 12.15. (PageID.747–50.)

Plaintiff contends that the ALJ failed to properly evaluate Ms. Richardson's opinions in accordance with 20 C.F.R. § 416.920c. She argues that, had he done so, he would have concluded that Plaintiff met Listings 12.04, 12.06, or 12.15, and that Plaintiff could not perform her past relevant work or any other work. (ECF No. 9 at PageID.863.) Because Plaintiff filed her current application after March 27, 2017, the ALJ evaluated Ms. Richardson's opinion under 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors but, absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulation defines "supportability" and "consistency as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)–(2).

After summarizing Ms. Richardson's opinions, the ALJ explained his assessment as follows:

> The opinions of Ms. Richardson that the claimant meets the listings or has marked limitations are unpersuasive, as these opinions are not well supported by explanation and are inconsistent with the longitudinal evidence, including psychotherapy progress notes indicating intact functional status and progress towards goals with the majority of mental status examinations showing appropriate behavior, intact attention and concentration, and no marked functional limitations (Exhibit B12F).

(PageID.50.)

The reasons the ALJ articulated for finding Ms. Richardson's opinions unpersuasive are supported by substantial evidence. First, the mental functional capacity form was a check-box form that provided no explanation for Ms. Richardson's answers. Even under the former treating physician rule, the Sixth Circuit has recognized that an ALJ "properly gave a check-box form little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence." *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016); *see also Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (noting that it was "nearly impossible" to determine whether the provider's limitations on mental functioning were consistent with the objective medical evidence because "the check-box analysis is not accompanied by any explanation"). But even if the mental functional capacity report is considered in conjunction with Ms. Richardson's sworn statement,

8

her opinions, including that Plaintiff's mental impairments satisfied one of the identified Listings, were inconsistent with the generally normal or unremarkable mental status findings during the relevant period. For example, on March 20, 2017, Ms. Richardson noted that Plaintiff's appearance was neat and clean, she made good eye contact and was extremely cooperative. Although Plaintiff was "easily disorganized," she took notes in a planner. (PageID.397.) Ms. Richardson saw Plaintiff more than a year later, on October 22, 2018, soon after Plaintiff was released from jail, where she had been since August. Ms. Richardson observed that Plaintiff's appearance and behavior were appropriate, her thought process was normal, she was alert, her concentration and memory were intact, and she demonstrated fair judgment and insight. (PageID.430.) Ms. Richardson made similar findings in December 2018 and February 2019. (PageID.404, 410.) Her opinions were also at odds with findings by therapist Cathy Franklin, L.M.S.W., who assessed Plaintiff on November 18, 2018, noting fair insight and judgment, appropriate dress and general appearance, intact memory, good attention/concentration, and appropriate thought content. (PageID.815.) Ms. Franklin treated Plaintiff weekly from January 2019 through April 2019. While Plaintiff's mood was usually anxious and depressed during these sessions, she was alert, oriented, and interactive, with appropriate affect and intact functional status. (*See*, *e.g.*, PageID.781, 785, 799, 801, 803.)

Plaintiff argues that the ALJ failed to consider other factors enumerated in 20 C.F.R. § 416.920c, including Ms. Richardson's established treating relationship with Plaintiff. However, the ALJ acknowledged that Ms. Richardson treated Plaintiff, and in any event, the ALJ's discussion satisfied the regulation's requirements.

Plaintiff also points to other evidence the ALJ should have considered in evaluating Ms. Richardson's opinions, but claims he did not. The ALJ's decision shows that he considered the

entire record and concluded that Ms. Richardson's opinions were inconsistent and not supported by the record. Although it might reach a different result, it is not for this Court to second-guess the ALJ's decisions when supported by substantial evidence. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (a reviewing court "does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ").

### B. Step Three Determination

Separately, Plaintiff argues that the ALJ should have found that she met Listings 12.04, 12.06, and 12.15. More specifically, she contends that the ALJ should have found, in accordance with Ms. Richardson's opinions, that Plaintiff had marked limitations in the areas of concentrating, persisting or maintaining pace, and in adapting or managing oneself.

At step three of the disability evaluation process, the Commissioner must consider whether a claimant's impairments meet or medically equal any of the relevant listing requirements of 20 C.F.R. Part 404, Subpart P, App. 1, 20 C.F.R. § 404.1520(a). An impairment that meets only some of the requirements of a listing does not qualify, despite its severity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The claimant bears the burden of demonstrating that he meets or equals a listed impairment. *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). An ALJ's step-three analysis is not subject to a "heightened articulation standard" and the ALJ need not "spell[] out every consideration that went into" his determinations. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).

Plaintiff's argument depends on her assertion that the ALJ erred in evaluating Ms. Richardson's opinions, which the Court has rejected. Consistent with Ms. Richardson's opinions, the ALJ found that Plaintiff was moderately limited in the areas of understanding, remembering,

10

or applying information and interacting with others. (PageID.46, 612.) As for the other areas, the ALJ wrote:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The claimant testified that she is unable to stay on task. The claimant alleged flashbacks of traumatic experiences on a daily basis that cause panic attacks. She has to take a break from chores if she starts to have a panic attack. She feels sleepy after the panic attacks subside. The claimant generally demonstrated adequate attention and concentration but she occasionally appeared lethargic at therapy sessions (Exhibit B12F).
>
> As for adapting or managing oneself, the claimant has a moderate limitation. The claimant has a history of substance abuse with cannabis, amphetamines, and cocaine, with several relapses from sobriety. She alleged flashbacks of traumatic experiences daily that cause crying spells. She has nightmares that interrupt her sleep. The claimant sleeps excessively due to depression. She always feels sad. However, mental status examinations of record indicate her appearance was neat and clean, her appearance and dress were appropriate, and she presented with intact functional status. (Exhibits B2F, p. 25; B3F, pp. 45, 35, 19–20; B12F).

(PageID.46.)

The ALJ properly explained his rationale and cited evidence supporting his findings. Plaintiff fails to show that the ALJ erred in concluding that Plaintiff did not meet a Listing.

## II. The RFC Determination

Plaintiff next argues that the ALJ's RFC determination is not supported by substantial evidence. RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.945. A claimant's RFC is the most that the claimant can do after considering the effects of all impairments on the ability to perform work-related tasks. 20 C.F.R. § 416.945(a). "The ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). Plaintiff raises two specific issues with regard to the RFC.

11

### A. Plaintiff's Subjective Symptoms

Plaintiff contends that the ALJ failed to properly evaluate her subjective symptoms. An ALJ must evaluate a claimant's statements concerning the intensity, persistence, and limiting effects of symptoms of an alleged disability in accordance with SSR 16-3p. As explained in *Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 (W.D. Mich. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018):

> The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Id.* at *6; *see also* 20 C.F.R. § 416.929(c)

Consistent with prior ruling SSR 96-7p, *see Rogers*, 486 F.3d at 248, SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The Sixth Circuit has said that such findings "may not be disturbed absent

12

compelling reason," and in general, "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal quotation marks omitted).

Plaintiff argues that the ALJ failed properly to evaluate her symptoms because, while he cited the applicable standards, he failed to provide any meaningful discussion of her symptoms and the factors set forth in 20 C.F.R. § 416.929(c)(3) and simply stated that her allegations were not "fully supported by the medical evidence of record." (ECF No. 9 at PageID.868.) Although the ALJ's analysis of Plaintiff's symptoms was not extensive, it was sufficiently specific to indicate how the ALJ evaluated Plaintiff's symptoms and the weight he gave them.

After summarizing Plaintiff's hearing testimony, the ALJ discussed the treatment records authored by providers at KCMH, including Ms. Richardson. (PageID.48–50.) As noted above, those records generally showed mild or unremarkable mental status examination findings. (PageID.397, 410, 430, 440, 445.) Ms. Franklin made similar findings during the four months that she treated Plaintiff, generally observing that, although Plaintiff appeared anxious, depressed or irritable, her cognitive functioning was oriented/alert, her functional status was intact, her affect was appropriate, and she was interactive. (PageID.783, 785, 787, 789, 791, 801, 803, 805.) The ALJ properly considered these objective examination findings in concluding that Plaintiff's alleged symptoms were not entirely consistent with the medical evidence. *See* 20 C.F.R. § 416.929(c)(2); *see also* SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017); *Perrault v. Comm'r of Soc. Sec.*, No. 1:14-cv-942, 2015 WL 5592931, at *6 (W.D. Mich. Sept. 22, 2015) ("In evaluating a claimant's credibility with respect to the intensity and persistence of symptoms, the ALJ considers the objective medical evidence."). The ALJ's recitation of the medical record also showed that the treatment Plaintiff received for her mental impairments was fairly unremarkable, consisting primarily of medication management and therapy sessions. 20 C.F.R. §

416.929(c)(3)(v). In addition, although Plaintiff's medication compliance was marginal at times during the relevant period, the evidence showed her medications improved her mood and anxiety when she was compliant. (PageID.397, 403.) *See* 20 C.F.R. § 416.929(c)(3)(iv). Although the ALJ must "consider" the factors listed in the regulation, there is no requirement that he discuss every factor. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009). Here, the ALJ's decision shows that he considered all of the evidence in assessing Plaintiff's subjective symptoms, and his factual finding on this issue is supported by substantial evidence.

### B. Additional Limitations

Plaintiff contends that the ALJ's RFC is defective because the ALJ failed to include limitations addressing her time off task due to her inability to pay attention and concentrate or persist, as well as absenteeism. Plaintiff argues that the RFC failed to address Plaintiff's documented issues with anxiety and panic, as well as her history of daily flashbacks that cause the panic attacks and associated symptoms. She further notes that the RFC fails to account for her significant history of migraines. (ECF No. 9 at PageID.866–67.)

Plaintiff's argument lacks merit. Regarding her migraines, the ALJ noted that Plaintiff received weekly injections that rendered them less severe and that Plaintiff had not sought specialized treatment with a neurologist. (PageID.48.) Nonetheless, the ALJ limited Plaintiff to working in a moderate noise intensity level environment based on her testimony that loud noise contributes to her migraines. (PageID.47, 80.) Moreover, contrary to Plaintiff's assertion, the RFC directly addresses Plaintiff's issues with attention, concentration, persistence, and pace by limiting her to work involving only simple instructions and work-related decisions and that does not require a production-line pace such that coworker productivity is dependent on Plaintiff's productivity. (PageID.47.) *See Foreman v. Colvin*, No. 1:12CV2120, 2013 WL 3200615, at *13

(N.D. Ohio June 24, 2013) (noting that the ALJ's hypothetical to the vocational expert assuming a person capable of performing simple and routine tasks "but not in a fast-paced production environment, such as on an assembly line" adequately addressed the plaintiff's concentration, persistence or pace issues).

Finally, other than Ms. Richardson's opinion, which the ALJ found unpersuasive, Plaintiff fails to point to evidence in the record indicating that her impairments would cause her to be absent from work. Thus, the ALJ's RFC determination is supported by substantial evidence.

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: March 15, 2021 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge